**Theodora S. DAVIS, Plaintiff,**

v.

**UNIVERSITY OF CHICAGO HOSPITALS, Defendant.**

No. 93 C 5324.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 22, 1994.

Gerald A. Goldman, Arthur R. Ehrlich, Jonathan C. Goldman, Goldman & Marcus, Chicago, IL, for plaintiff.

Matthew P. Pappas, Robert Thomas Zielinski, Julie L. Helenbrook, Ross & Hardies, P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

Before the court is the motion of defendant University of Chicago Hospitals ("Hospitals") to dismiss Counts IV and V of the amended complaint on limitations grounds. The motion presents the question of whether, under Rule 15(c) of the Federal Rules of Civil Procedure, the retaliation allegations in Counts IV and V relate back to the initial complaint of discrimination. The court holds that the allegations in the amended complaint do relate back, and the dismissal motion is denied.

## ANALYSIS

This is an action for race, sex and age discrimination in the employment of plaintiff Theodora S. Davis by the defendant Hospitals. Davis alleges that the discrimination occurred while she was working for the Hospitals as a nurse. In her initial complaint, Davis, an African–American woman, alleged that she began working for defendant in 1970 as an operating room technician and that throughout her employment, she and other African–American women were required to lift heavy instrument trays while similarly situated white women were not required to do so. Complaint at ¶¶ 8–11. The initial complaint also stated that Davis was suspended for three days on May 6, 1992, and that on May 14, 1992, Davis filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶ 3–4. The initial complaint also stated that Davis received a right-to-sue letter from the EEOC on June 7, 1993. *Id.* at 4. The initial complaint was filed within 90 days of June 7 but did not contain allegations that the Hospitals fired Davis, that Davis was no longer working for the Hospitals, or that Davis was fired in retaliation for her having brought the EEOC charge.

On January 25, 1994, which was more than 90 days after Davis' receipt of the right-to-sue letter, Davis filed an amended complaint alleging sex, race and age discrimination in Counts I, II and III respectively, and retaliation in Counts IV (under Title VII) and V (under the ADEA). The amended complaint included new facts in support of the discrimination allegations and stated that Davis was constructively discharged on February 15, 1993, which was after she filed the EEOC charge but before she filed the initial complaint. Defendant moves to dismiss Counts IV and V as barred by limitations because Title VII and the ADEA require plaintiffs to bring suit within 90 days of their receipt of a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(e). Davis does not dispute that the retaliation claims are barred unless they are held to relate back, under Rule 15(c), to the date of her initial complaint. She argues that the allegations do relate back and thus are saved from untimeliness.

## ANALYSIS

The analysis of this motion should begin by distinguishing it from another sort of motion that often is brought in these employment discrimination cases. Defendants often argue that the substantive allegations in the complaint are barred because a plaintiff failed to include them in the EEOC charge. This "scope of the charge" requirement applies to Title VII cases, *see Perkins v. Silverstein,* 939 F.2d 463, 471 (7th Cir. 1991), and to ADEA cases. *Steffen v. Meridian Life Ins. Co.,* 859 F.2d 534, 544 (7th Cir.1988), *cert. denied,* 491 U.S. 907, 109 S.Ct. 3191, 105 L.Ed.2d 699 (1989). When a lawsuit is challenged on this ground, the plaintiff may defend it by asserting the rule that the allegations in the complaint need only be "like or reasonably related to the allegations of the charge and growing out of such allegations." *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.) (en banc), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976). In this case, however, Davis filed her EEOC charge prior to the date she alleges she was discharged. Presumably, then, her case should fall in the category of cases in which the Seventh Circuit has allowed retaliation

claims to proceed even though the underlying EEOC charge did not mention retaliation. *See Steffen*, 859 F.2d at 545 n. 2 (citing cases). Perhaps that is why the defendant in this case makes an entirely different argument: that the retaliation charges in the amended complaint are time barred because Davis filed them more than 90 days after receiving the EEOC right-to-sue letter.

The distinction is important, because both parties wrongly rely on several cases calling upon district courts to determine whether the allegations in the lawsuit were reasonably related to and grew out of the EEOC charge. Defendant's reliance on *Steffen* is the principal example. In *Steffen*, the Seventh Circuit held that for purposes of determining whether a civil complaint meets the "scope of the charge" requirement, retaliation is not "reasonably related" to an EEOC charge that mentions only discrimination. *Steffen*, 859 F.2d at 545. The Seventh Circuit explained that retaliation is not related to discrimination in this way because "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *O'Rourke v. Continental Casualty Co.*, 983 F.2d 94, 97 (7th Cir.1993) (quoting *Steffen*, 859 F.2d at 544).

■ Neither *Steffen* nor *O'Rourke* stands for the proposition that retaliation is unrelated to discrimination within the context of the doctrine of relation back of amendments under Rule 15(c) of the Federal Rules of Civil Procedure. The courts' concern about circumvention of the administrative conciliation process simply is absent from the determination of whether an amended pleading should be held to relate back to an earlier pleading. Because the federal rules were intended to "effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems," amendments pursuant to Rule 15(c) are to be freely allowed unless they unfairly surprise or prejudice the defendant. *Woods v. Indiana Univ.–Purdue Univ. at Indianapolis*, 996 F.2d 880, 883 (7th Cir.1993);

*Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir.), *cert. denied*, 493 U.S. 994, 110 S.Ct. 544, 107 L.Ed.2d 541 (1989). "We have long left no doubt of the broad scope to be given Rule 15(c)." *Woods*, 996 F.2d at 883.

■ Under Rule 15(c)(2), an amended complaint relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). The Seventh Circuit has interpreted this language broadly, holding that the same substantive legal theory need not be alleged in both complaints. *Donnelly v. Yellow Freight Sys., Inc.*, 874 F.2d 402, 410 (7th Cir.1989), *aff'd*, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). So while the legal theories may be different, Rule 15(c)(2) asks whether the claim or claims in the amended complaint arose out of the "conduct" alleged in the original complaint. Defendant's argument against relation back in this case rests upon the premise that the alleged retaliation cannot be held to have arisen out of the discrimination. The court does not accept that premise. Davis alleged in the original complaint that she was discriminated against and that she filed an EEOC charge. If not for the alleged discrimination, there would be no EEOC charge. If not for the EEOC charge, there would be no retaliation. This court need not take issue with the Seventh Circuit's statements in cases such as *O'Rourke* and *Steffen* that retaliation and discrimination constitute different breeds of activity or different modes of conduct. The question in a Rule 15(c) analysis is whether one can be said to have arisen out of the other. For example, embezzlement is not precisely the same conduct as lying, but we think Rule 15(c) would allow relation back of an amendment alleging breach of fiduciary duty based on lying where the original complaint alleged only that the fiduciary embezzled funds from the plaintiff's accounts. Two types of conduct may be different, yet one may still arise from the other. Where the concern about the integrity of the administrative conciliation process is not at play, the court sees no reason to extend *O'Rourke* and *Steffen* in the manner urged by the defendant here.

For this reason, the court declines to follow *Zakutansky v. Bionetics Corp.*, 806 F.Supp. 1362, 1365 (N.D.Ill.1992), the only case the parties have cited in which a court held that allegations of retaliation did not relate back, under Rule 15(c), to an original complaint alleging only discrimination.[1] Courts within this circuit are split on this issue. *See Dey v. Colt Constr. and Development Co.*, 1993 WL 105437, at *3 n. 2 (N.D.Ill. April 7, 1993), *rev'd in part on other grounds*, 28 F.3d 1446 (7th Cir.1994). In addition, while the initial complaint's reference to Davis' filing of an EEOC charge and her receipt of a right-to-sue letter could be construed as purely jurisdictional, the defendant should not be heard to say it was unfairly surprised when Davis leveled the retaliation charges in her amended complaint just five months later. The relatively short time within which Davis filed her amended complaint obviously would not help her overcome a violation of the statute of limitations, but it does support the court's conclusion that relation back of the amendment is not unfairly prejudicial to the defendant. Indeed, defendant has advanced no reason why its defense of the lawsuit is prejudiced by the amendment. Davis no doubt should have included the retaliation allegations in her initial complaint, but Rule 15(c)(2) operates to allow her to include those allegations in an amended pleading that relates back to the date of the initial complaint.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss Counts IV and V of the amended complaint is denied. Defendant may have until October 7, 1994, to file an answer to Counts IV and V.

---

**1.** The remaining cases cited by defendant are inapposite. In *Bailey v. Northern Indiana Pub. Serv. Co.*, 910 F.2d 406, 413 n. 9 (7th Cir.1990), Rule 15(c) did not apply to plaintiff's attempt to have allegations in a second *lawsuit* relate back to those filed in an earlier lawsuit. In *Patterson v. General Motors Corp.*, 631 F.2d 476, 486 (7th Cir.1980), *cert. denied*, 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981), the plaintiff's relation back argument concerned two separate instances of termination three years apart. In *Barnes v. Callaghan & Co.*, 559 F.2d 1102, 1106 (7th Cir.1977), the appeals court held that a slander claim, which required elements including malice and publication, did not relate back to an earlier pleading alleging discrimination and retaliatory discharge, in which no allegations of malice or publication were made.