Jerrold I. PATEE, Jr., Allan R. Jones,
Jr., and Michael J. Nowak,
Plaintiffs-Appellants,

v.

PACIFIC NORTHWEST BELL
TELEPHONE COMPANY,
Defendant-Appellee.

No. 84–4297.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 3, 1986.

Decided Oct. 24, 1986.

Robert Udziela, Dan Oleary, Pozzi, Wilson, Atchison, Oleary, Conboy, Portland, Or., for plaintiffs-appellants.

Lester V. Smith, Jr., Corbett Gordon, Bullard, Korshoj, Smith & Jernstedt, Portland, Or., for defendant-appellee.

Before ALARCON, REINHARDT, and THOMPSON, Circuit Judges.

ALARCON, Circuit Judge:

Appellants Jerrold I. Patee, Jr., Allan R. Jones, Jr., and Michael J. Nowak (hereinafter collectively referred to as the male employees) appeal the dismissal of their claim for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* against Pacific Northwest Bell Telephone Company (hereinafter Pacific Bell). The male employees alleged in their complaint that they are now paid less wages as Maintenance Administrators than were formerly received by Test Desk Technicians performing the same work. The male employees claim that they receive lower wages because Pacific Bell discriminates against women. The district court held that, under *Spaulding v. University of Washington,* 740 F.2d 686, 709 (9th Cir.), *cert. denied,* 469 U.S. 1036, 105 S.Ct. 511, 83 L.Ed.2d 401 (1984) (hereinafter *Spaulding*), the male employees lack standing to bring a claim of sex discrimination directed against women. We affirm.

## I. PERTINENT FACTS

The job now performed by the male employees as Maintenance Administrators was formerly performed by Pacific Bell's Test Desk Technicians. The employees in this latter job category were predominantly males. Test Desk Technicians were paid $527 per week. On or after May 15, 1983, the duties performed by Test Desk Techni-

cians were transferred to the Maintenance Administrator work group. Maintenance Administrators are predominantly female. As Maintenance Administrators, the male employees now receive $422.50 per week for the performance of the same duties required of Test Desk Technicians.

The male employees requested that Pacific Bell pay them the amount previously received by Test Desk Technicians for the same work. Pacific Bell refuses to do so.

The male employees filed a charge of sex discrimination against Pacific Bell with the Equal Employment Opportunity Commission (hereinafter EEOC). The EEOC dismissed the charge and issued right to sue letters.

The male employees then filed this action for a declaration that Pacific Bell's refusal to pay them the same salary previously received by men doing the same work constitutes an unlawful employment practice directed against women in violation of Title VII 42 U.S.C. § 2000e *et seq.* A separate action for a declaratory judgment on the same ground has been filed on behalf of the *female* employees of Pacific Bell who hold the position of Maintenance Administrators alleging sex discrimination. *Stephanie Forsberg v. Pacific Northwest Bell,* Case No. 84–1401–FR. That matter is not before this court in this appeal.

The district court dismissed the complaint on the sole ground that the male employees "lacked standing under Title VII to seek redress for wages lost due to alleged discrimination directed at a protected class to which plaintiffs do not belong."

## II. STANDARD OF REVIEW

A dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed *de novo. Fors v. Lehman,* 741 F.2d 1130, 1132 (9th Cir. 1984) (lack of standing). *See also In re Financial Corporation of America Shareholder Litigation v. Arthur Andersen & Co.,* 796 F.2d 1126, 1127 (9th Cir.1986) (dismissal for failure to state a claim under Rule 12(b)(6) is reviewable *de novo); accord Guillory v. County of Orange,* 731

F.2d 1379, 1381 (9th Cir.1984). We limit our review to the contents of the complaint. *Financial Corp.,* 796 F.2d at 1127; *North Star International v. Arizona Corporation Commission,* 720 F.2d 578, 581 (9th Cir.1983). Dismissal of the complaint will be upheld if it appears "to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved." *Financial Corp.,* 796 F.2d at 1128; *accord Halet v. Wend Investment Co.,* 672 F.2d 1305, 1309 (9th Cir.1982). Allegations of material facts are taken as true, and are construed in the most favorable light to the plaintiff. *Financial Corp.,* 796 F.2d at 1128; *North Star,* 720 F.2d at 580.

## III. DISCUSSION

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* permits an individual to bring an action for an unlawful employment practice involving discrimination on the basis of sex. To have standing to bring such an action the plaintiff must be "a person claiming to be aggrieved...." under 42 U.S.C. § 2000e–5. *Waters v. Heublein, Inc.,* 547 F.2d 466, 469 (9th Cir. 1976), *cert. denied,* 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1100 (1977) (hereinafter *Waters*). The male employees contend that Pacific Bell has discriminated against women by paying lower wages to those who work as Maintenance Administrators. They argue that the district court erred in concluding that our discussion in *Spaulding* was dispositive on the issue whether male employees lacked standing to bring a Title VII action based on job discrimination against women. We disagree.

In *Spaulding,* the nursing faculty of women plus one man sued the University of Washington for sex discrimination on several theories including violation of Title VII. The plaintiffs claimed that they received lower wages than the predominantly male faculty of other departments for substantially equal work. A special master recommended dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The district court granted the uni-

versity's motion for involuntary dismissal. We affirmed the judgment of involuntary dismissal. We held that the female plaintiffs had failed to prove sex-based wage discrimination under Title VII. 740 F.2d at 699–709. We also concluded that the male nursing faculty member could not base a Title VII claim of an unlawful employment practice based on discrimination against female faculty members. In addressing this issue, we stated as follows:

> The nursing faculty next asserts that Reg Williams, the male faculty member, has a valid claim for discrimination because he received a salary "infected" by the discrimination the female faculty members suffered. However, even where the female faculty members are able to frame a cognizable Title VII or Equal Pay Act claim, it does not allow the male employees "to bootstrap their job grievances … into an employment discrimination claim rooted in federal law." *Ruffin v. County of Los Angeles,* 607 F.2d 1276, 1281 (9th Cir.), *cert. denied,* 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1979) (sex-based wage discrimination suit brought by male officers dismissed on summary judgment). There we held "that the County's past employment practices as to its female deputy-sheriffs, however ill-conceived, did not serve as a foundation for this suit brought under Title VII and the Equal Pay Act." *Id.* at 1281. Williams makes no claim that he received a lower wage because of his sex.

*Id.* at 709; *see also Linskey v. Heidelberg Eastern, Inc.,* 470 F.Supp. 1181, 1187 (E.D. N.Y.1979) (a male has no standing under Title VII to present a claim of discriminatory practices against women in the workplace).

■ Our disposition of the male faculty member's claim in *Spaulding* is logically indistinguishable from the issue presented here. As in the instant matter, the male faculty member in *Spaulding* attempted to assert a claim that he was receiving lower pay because of sex-based wage discrimination directed at female employees. The male workers do not claim that they have been discriminated against because they are men. The alternative holding in *Spaulding* requires us to conclude that the male workers cannot assert the right of their female co-workers to be free from discrimination based on their sex. Appellants point out the district court specifically invoked the requirement of standing in its order of dismissal, whereas in *Spaulding* we did not refer to standing in denying the male faculty member's claim. This distinction is without substance for purposes of Pacific Bell's motion to dismiss under Rule 12(b)(6). *Spaulding* indicates that appellants are not entitled to relief. 740 F.2d at 709. We have recently noted that the concepts of standing and entitlement to a remedy overlap. *Religious Technology Center v. Wollersheim,* 796 F.2d 1076, 1079 (9th Cir.1986).

The male employees also assert that the Supreme Court's decision in *Trafficante v. Metropolitan Life Insurance Co.,* 409 U.S. 205, 93 S.Ct. 364, 34 L.Ed.2d 415 (1972) (hereinafter *Trafficante*) and this court's decision in *Waters,* 547 F.2d 466, compel reversal. These decisions address the harmful impact on the *plaintiff* because of the denial of association with members of other groups. *Trafficante* and *Waters* have no application here.

In *Trafficante,* the Supreme Court held that white tenants had standing to bring an action as aggrieved persons as the result of racial discrimination against non-whites in housing because, "the alleged injury to existing tenants by exclusion of minority persons from the apartment complex is the loss of important benefits from interracial associations." *Id.* at 209–10, 93 S.Ct. at 367. In *Trafficante,* the white tenants had alleged, *inter alia,* that they "suffered embarrassment and economic damage … from being 'stigmatized' as residents of a 'white ghetto.'" *Id.* at 208, 93 S.Ct. at 366 (footnote omitted).

In *Waters,* we applied *Trafficante* to an action brought under Title VII by a white person who claimed that she was aggrieved because the defendants discriminated

against "Blacks and Hispanic-Americans" in their hiring practices. *Waters* 547 F.2d at 469. We held in *Waters* that a white person is aggrieved because of the loss of "interpersonal contacts" between members of different races and is denied the "benefits of interracial harmony" if an employer discriminates with respect to the *hiring* of members of other groups. *Id.*

■ In the matter before us the male employees do not claim that they have been denied interpersonal contacts with women or that the alleged sex-based wages discrimination has deprived them of harmonious relationships. In fact, most of their co-workers are women. The serious consequences that flow from the exclusion of persons because of discrimination in housing and in hiring are not present here.

### IV. CONCLUSION

We held in *Spaulding* that a male employee could not maintain a Title VII action as a person aggrieved because of sex-based wage discrimination against women. We are compelled to apply *Spaulding* to the instant matter. The order of the district court dismissing the male employees' claim is AFFIRMED.