Mary Ann ALLEN, Kathy G. Bailey, Raymond Baity, Luann Bartoszewicz, Evelyn Bannwart, Barbara J. Bealor, Claudine Beaty, Caroline Mae Bowen, Mercedes Brashear, Emma J. Brownlee, Arlene Chambers, Bernice DePoy, Marilyn L. DeWitt, Jeanette Duda, Betty Evans, Edna Lee Evans, Maggie Fletcher, Donnie Ray Gaertner, Betsy Ann Greer, Patricia M. Heminger, Sharon A. Hudson, Dawn L. Johnson, Regina T. Kindig, Elizabeth A. Kline, Beverly A. Kuemin, Deloris A. Lidgard, Barbara Mac-Millan, Sharon A. Martin, Mollie McFadden, Fidencio Mejia, Carolyn Sue Minix, Phyllis O'Brien, Olivia A. Pasha, Teresa A. Reed, Eva Lee Rice, Joyce Sallee, Katherine Salzer, Patricia Soplanda, Glenn Starr, Emelia M. Starr, Claudette C. Stewart, Harold Stewart, Norma Straub, Vivian Tolson, Laura Toothman, Bertha Weddle, Madgie Whickcar, Ruth E. Williamson, Mabel Willis, Ronald L. Wise, Plaintiffs,

v.

AMERICAN HOME FOODS, INC., a corporation, and American Home Products Corp., a corporation, jointly and severally, Defendants.

No. S85–516.

United States District Court,
N.D. Indiana,
South Bend Division.

March 10, 1987.

Renate Klass, Bruce A. Miller, Southfield, Mich., Kevin Likes, Auburn, Ind., for plaintiffs.

Martin W. Kus, LaPorte, Ind., for defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This matter is now before the court on a portion of a motion to dismiss filed by

defendants American Home Foods, Inc. and American Home Products Corp. The court converted a portion of the dismissal motion to a summary judgment motion pursuant to Fed.R.Civ.P. 12(b) by order of October 14, 1986, *Allen v. American Home Foods, Inc.*, 644 F.Supp. 1553 (N.D.Ind.1986), and invited the parties to supplement the record on this matter. The defendants filed a supplementary brief and additional documentation on November 28, 1986. The plaintiffs filed a reply on December 15, 1986.

At issue is whether the defendants have shown that some of the plaintiffs failed to file timely charges of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). The Age Discrimination in Employment Act ("ADEA") requires aggrieved parties to file an age discrimination charge with the EEOC within one hundred and eighty (180) days after the alleged unlawful practice.[1]

Despite past disagreement over some of the EEOC filing dates, the defendants now concede that for summary judgment purposes, the court must accept the dates the plaintiffs set forth in their memorandum in opposition to the dismissal motion to dismiss. Accordingly, for this inquiry, all plaintiffs filed their EEOC charges on or before August 8, 1984.

This concession renders timely the filings of most of the plaintiffs. The defendants now maintain, however, that eleven plaintiffs who were laid off in January, 1983 failed to file timely charges. These eleven plaintiffs did not file charges within one hundred and eighty days of their layoff.

The plaintiffs respond that those eleven plaintiffs had no cause of action under the ADEA until the defendants' February 21, 1984 announcement of the decision to close the plant and terminate all workers. Although the eleven plaintiffs were on layoff when the closing was announced, that announcement was their first notification of a final decision on their employment with the defendants.

Plaintiffs' complaint in this action asserts that the termination of their employment violated their rights under the ADEA. Although the plaintiffs' individual EEOC charges assert illegal layoffs and failure to rehire as well as wrongful termination, those claims were not asserted in the complaint and thus are not before the court. See *Lawson v. Burlington Industries, Inc.*, 683 F.2d 862 (4th Cir.1982). The termination date controls. An employee is terminated when his employer announces the final decision to discharge its workers, and not at a pre-announcement time when the worker reasonably might know that his job is in jeopardy. *Chardon v. Fernandez*, 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Bonhan v. Dresser Industries, Inc.*, 569 F.2d 187 (3rd Cir.1977), *cert. denied* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978).

Plaintiffs faced with a summary judgment motion bear the burden of demonstrating the existence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After a thorough review of the record, the court finds that genuine issues of fact exist as to the date of termination of each of the eleven plaintiffs who were on layoff when the plant closing was announced. A genuine issue exists as to whether those plaintiffs were terminated at the time of their layoff, or were not terminated until the plant closing. The termination date is material: if those eleven plaintiffs effectively were terminated in January, 1983, their claims fail for failure to file timely charges with the EEOC; if they had not effectively been terminated before the announcement of the plant closing was made, their charges with the EEOC were timely.

Therefore, this court now ORDERS that the portion of the defendants' motion to dismiss that the court converted to a mo-

---

**1.** Indiana is not a referral state under the ADEA. *Keitz v. Lever Brothers Co.*, 563 F.Supp. 230

(N.D.Ind.1983).

tion for summary judgment in its order of October 14, 1986 is DENIED. SO ORDERED.