**Albert L. OLDS, Plaintiff,**

v.

**ALAMO GROUP (KS), INC., Defendant.**

**No. 94–4209–SAC.**

United States District Court, D. Kansas.

June 28, 1995.

Dennis A. White, Holton, KS, for plaintiff.

Tonya Olsen Johnston, Loyd E. Owen, Jr., Gage & Tucker, Kansas City, MO, Daniel R. Stern, Michael L. Holland, Foster, Heller & Kilgore, P.C., San Antonio, TX, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

On November 3, 1994, Albert L. Olds filed a five page complaint alleging claims against Alamo Group (KS), Inc. (Alamo) under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111, *et seq.*, and under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.* Attached to Olds' complaint is a Notice of Right to Sue from the EEOC, dated August 1, 1994, and apparently the envelope in which the document was sent. The complaint alleges that Olds received the right to sue letter on August 1, 1994. An amended complaint was filed by Olds on December 27, 1994. The amended complaint also alleges that Olds received the right to sue letter on August 1, 1994.

This case comes before the court upon Alamo's "Rule 12(b)(6) motion to dismiss or in the alternative motion for summary judgment or for judgment on the pleadings" (Dk. 5). Alamo contends that Olds failed to commence this action within ninety (90) days of the date he received his right to sue letter from the EEOC as required by the statutes governing each of his claims. Alamo seeks dismissal of Olds' complaint based upon untimeliness, arguing that the last date that Olds could have timely commenced this action was October 29, 1994—ninety days from August 1, 1994.[1]

Olds responds, arguing that he actually received the right to sue notice, dated August 1, 1994, not on that date, but instead one week later on August 8, 1994. Olds contends that his complaint was therefore timely, as the ninetieth day following August 8, 1994, is November 6, 1994. On the same day that he filed his response to Alamo's motion to dismiss, Olds filed a motion to amend the complaint seeking to correct the typographical error appearing in his amended complaint. The sole purpose of Olds' motion was to change paragraph seven of his amended complaint to correctly state that he had received the notice of right to sue on August 8, 1994. On March 9, 1995, the magistrate judge entered an order granting Olds' motion to file a second amended complaint to correct the typographical error. *See* (Dk. 10). On March 14, 1995, Olds' second amended complaint was filed.

On March 21, 1995, Alamo filed a reply. In that reply, Alamo contends that Olds' second amended complaint still fails to affirmatively state that he commenced this action within ninety days of the date that he received the right to sue notice. Alamo argues that Olds never states in his second amended complaint that the envelope attached to his original complaint is the envelope that contained the right to sue notice. Alamo argues that "[t]here is no authentication testimony or other evidence establishing that this envelope reflects the date that the ninety (90) day period was to begin to run. As such it is not competent evidence to establish the timeliness of the filing." Alamo also argues that Olds did not respond to its alternative motions for summary judgment or for judgment

---

1. Alamo appears to have miscounted. " 'In calculating the ninety day period, the day of receipt is omitted and the day of filing is counted.' " *Stambaugh v. Kansas Dept. of Corrections,* 844 F.Supp. 1431, 1432 n. 2 (D.Kan.1994) (quoting *Richardson v. Diagnostic Rehabilitation Center,* 836 F.Supp. 252 (E.D.Pa.1993) (citations omitted)). By the court's calculation, October 30, 1994, is the ninetieth day from August 1, 1994.

on the pleadings.[2] Based upon Olds' failure to establish a genuine issue of material fact, Alamo contends that it is entitled to judgment as a matter of law.

With leave of the court, Olds filed a surreply. In that surreply, Olds attaches documents from the EEOC indicating that the notice of right to sue, issued on August 1, 1994, was delivered to him by mail on August 8, 1994. *See* (Dk. 25).

## Legal Standards

### Fed.R.Civ.P. 12(b)(6)

■ A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993); *see Hospice of Metro Denver v. Group Health Ins.,* 944 F.2d 752, 753 (10th Cir.1991) ("Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citations omitted); *Thatcher Enterprises v. Cache County Corp.,* 902 F.2d 1472 (10th Cir.1990) ("Under Rule 12(b)(6), dismissal is inappropriate unless plaintiff can prove no set of facts in support of his claim to entitle him to relief.").

■ A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez,* 819 F.2d 965, 968 (10th Cir.1987). It is not the court's function "to weigh potential evidence that the parties might present at trial." *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983) (footnote omitted). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir.1989).

## Legal Standards

The ADA consists of different titles. *Gorsline v. State of Kansas,* No. 93–4254–SAC, 1994 WL 129981 at *2, 1994 U.S.Dist. LEXIS 4552, at *4 (D.Kan. March 4, 1994). Title I of the ADA is codified at 42 U.S.C. §§ 12111–12117; Title II of the ADA is codified at 42 U.S.C. §§ 12131–12165. Title I proscribes discrimination by a "covered entity" against a "qualified individual with a disability because of the disability" in all of the terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). In contrast, Title II prohibits a "public entity" from discriminating against "a qualified individual with a disability" because of the disability in "the benefits or the services, programs, or activities" of the public entity. 42 U.S.C. § 12132.

■ Each title of the ADA has its own enforcement section. Title I of the ADA incorporates the remedies and procedures of Title VII. 42 U.S.C. § 12117(a); *see Finley v. Giacobbe,* 827 F.Supp. 215, 219 n. 3 (S.D.N.Y.1993); *Gorsline,* No. 93–4254–SAC, 1994 WL 129981 at *2, 1994 U.S.Dist. LEXIS 4552, at *4. In the private employment con-

---

2. The defendant's alternative motion for summary judgment falls somewhat short of the requirements imposed by D.Kan. Rule 206, the local rule governing motions for summary judg-ment. Consequently, Olds' failure to directly respond to Alamo's alternative motion in his response brief is understandable.

text,[3] "[c]ompliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." *Million v. Frank,* 47 F.3d 385, 389 (10th Cir.1995) (citing *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 859 (10th Cir.1983) (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392–93, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982))).

"Title VII, in particular 42 U.S.C. § 2000e–5(f)(1), requires that the plaintiff bring the civil suit within ninety days of receipt of a right to sue letter." *Wagher v. Guy's Foods, Inc.,* 765 F.Supp. 667, 668 (D.Kan.1991). "The burden rests with the plaintiff to prove this condition precedent when the defendant denies that the condition has been fulfilled." *Stambaugh v. Kansas Dept. of Corrections,* 844 F.Supp. 1431, 1433 (D.Kan.1994). "The general rule in this circuit and district is that the ninety-day period for filing suit under Title VII commences on the date that the complainant actually receives the right-to-sue letter from the EEOC." *Id.*

In comparison to the ADA, the ADEA's purpose is "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). In general, the ADEA makes it unlawful for an employer to discriminate against an employee on the basis of age. *See* 29 U.S.C. § 623.

■ "The ADEA requires that within 180 days of the alleged unlawful conduct by an employer, the employee file a charge outlining the unlawful conduct with the Equal Opportunity Commission (EEOC)." *Mummelthie v. City of Mason City, Iowa,* 873 F.Supp. 1293, 1310 (N.D.Iowa 1995) (citing 29 U.S.C.

§ 626(d)). Like the filing requirements found in Title VII, the administrative deadlines in the ADEA are not jurisdictional. *See Anderson v. Unisys Corp.,* 47 F.3d 302, 305–306 (8th Cir.1995) ("The administrative deadline is not a jurisdictional limitation, . . . but operates in the nature of a statute of limitations and is subject to equitable tolling and estoppel."); *Jackson v. Richards Medical Co.,* 961 F.2d 575, 578 (6th Cir.1992) (ADEA filing periods are not jurisdictional prerequisites to maintaining a legal action; filing periods more in the nature of a statute of limitations that is subject to equitable modification); *Mummelthie,* 873 F.Supp. at 1311–1312. Once the administrative process is complete, the EEOC issues a right to sue letter to potential plaintiffs. *Anderson,* 47 F.3d at 304 n. 5. "The federal statute of limitations for ADEA claims is 90 days after the charging party receives a right-to-sue letter from the EEOC." *Id. (citing* 29 U.S.C. § 626(e)).

## Analysis

■ Based upon the allegations found in Olds' second amended complaint, it appears that he commenced this action within ninety days of his receipt of the notice of right to sue. The postmark on the envelope attached to the plaintiff's complaint bears the date of August 5, 1994, and Olds' second amended complaint alleges that he received the notice of right to sue three days later. Ninety days from August 8, 1994, is November 6, 1994. Olds commenced this action on November 3, 1994. Moreover, the documentation attached to Olds' surreply apparently dispels any confusion as to the date he actually received possession of the notice of right to sue from the EEOC. In short, based upon the information and arguments presented, the court concludes that Olds commenced this action within the statutory periods applicable to his claims.

---

3. In *Khader v. Aspin,* 1 F.3d 968 (10th Cir.1993), the Tenth Circuit stated that " 'exhaustion of administrative remedies is a jurisdictional prerequisite' to instituting a Title VII action in federal court." 1 F.3d at 970 (quoting *Johnson v. Orr,* 747 F.2d 1352, 1356 (10th Cir.1984)). In contrast to the case at bar, *Khader* involved federal employees subject to the administrative exhaus-

tion requirements of 42 U.S.C. § 2000e–16. "[I]n the context of private employment, exhaustion of administrative remedies is a non-jurisdictional prerequisite to litigating Title VII cases in Federal Court." *Parks v. Hayward's Pit, Inc.,* No. 93–2387–GTV, 1995 WL 164272, 1995 U.S.Dist. LEXIS 4483 (D.Kan. March 6, 1995).

IT IS THEREFORE ORDERED that Alamo's "Rule 12(b)(6) motion to dismiss or in the alternative motion for summary judgment or for judgment on the pleadings" (Dk. 5) is denied.