**Connie M. SPILLMAN, Plaintiff,**

v.

**Jimmie D. CARTER, d/b/a Taco Bell and Calmolaur, Inc., Defendants.**

**No. 95–2139–GTV.**

United States District Court, D. Kansas.

Feb. 20, 1996.

---

**4.** Once again, the facts which purportedly support this claim are not set forth in compliance with D.Kan.Rule 56.1.

Theodore J. Lickteig, Lenexa, KS, for Connie M. Spillman.

Connie M. Spillman, pro se.

Julia Riggle McKee, C. Brooks Wood, Hillix, Brewer, Hoffhaus, Whittaker & Wright, L.L.C., Kansas City, MO, for Jimmie D. Carter and Calmolaur, Inc.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

On October 30, 1995, the court granted plaintiff's motion to amend her complaint to abandon state law claims of wrongful constructive discharge and breach of covenant of good faith and fair dealing and to assert claims under the Kansas Act Against Discrimination (KAAD), K.S.A. § 44–1001 *et seq.* (Count I), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* (Count II), and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Count III) for wrongful constructive discharge in retaliation for plaintiff's opposition to defendants' discriminatory practices. The court reserved ruling on defendants' motion to dismiss (Doc. 5) to allow time to supplement the motion in response to the amendment of the complaint. Defendants filed an additional motion to dismiss (Doc. 27) on November 17, 1995. Plaintiff has responded and opposes the motions to dismiss. For the reasons set forth below, the motions to dismiss are granted in part and denied in part.

### I. Factual Background

In her complaint, plaintiff alleges that in December 1988 she began her employment at defendants' Taco Bell restaurant located on 23rd Street in Lawrence, Kansas. Plaintiff worked at that location during her entire employment except for two brief periods when she worked at defendants' Taco Bell restaurant located on 6th Street in Lawrence, Kansas. Plaintiff was promoted to assistant manager in February 1989.

Plaintiff alleges that Connie Bosch, the district manager of the Taco Bell restaurants, began making weekly visits to the restaurant on 23rd Street in early 1991. Plaintiff alleges that Bosch ordered her to engage in discriminatory practices such as not hiring minority employees and firing minorities and persons with disabilities. Plaintiff further alleges that Bosch verbally abused her and later refused to speak to her as a result of plaintiff's refusal to fire one such individual. Finally, plaintiff alleges that she was constructively discharged in retaliation for refusing to fire an employee for a discriminatory reason and for lodging a complaint with the Lawrence Human Relations Commission.

In the present motions, defendants seek dismissal of all of plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Defendants assert three bases in support of the motion: (1) plaintiff's claims are barred by the statute of limitations because they do not relate back under Fed.R.Civ.P. 15(c), (2) failure to exhaust administrative remedies, and (3) deficiencies in pleading. Each argument will be addressed in turn below.

### II. Legal Standard

In ruling on a motion to dismiss for failure to state a claim, the court must assume the truth of all well-pleaded facts in

plaintiff's complaint and view them in the light most favorable to plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 979, 108 L.Ed.2d 100 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). All reasonable inferences must be indulged in favor of plaintiff, *Swanson*, 750 F.2d at 813, and the pleadings must be liberally construed. *Gas-A-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102 (10th Cir.1973); Fed.R.Civ.P. 8(a). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court may not dismiss a case for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Fed.R.Civ.P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not be factually detailed but it "must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. at 103. Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim." *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977). While a plaintiff is not required to precisely state each element of the claim, Rule 8(a) nevertheless requires minimal factual allegations on those material elements that must be proved to recover. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

### III. Relation Back

The court previously granted plaintiff's motion to amend her complaint. Defendants now contend that the court should not allow plaintiff's amended complaint to relate back to the date of the original complaint because it would allow plaintiff to assert claims that are otherwise time barred. Fed.R.Civ.P. 15(c)(2) allows an amended pleading to relate back to the date of the original

pleading when "the claim ... asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading."

Plaintiff's claims under Title VII and the ADA must be filed with 90 days of receipt of a right to sue letter from the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a). Defendants concede that plaintiff's original complaint asserting state law claims was filed within 90 days of her receipt of the EEOC right to sue letter. The claims asserted in plaintiff's amended complaint fall outside the 90–day window unless they are allowed to relate back to the original complaint. Defendants argue that plaintiff should not be allowed to use the relation back provision of Fed.R.Civ.P. 15(c) to bypass the statutory framework established under Title VII and the ADA.

The purpose of Rule 15(c)(2) is accomplished if the original complaint "gives the defendant fair notice that litigation is arising out of a specific factual situation." *Aaron v. City of Wichita*, 1993 WL 93337, at *7 (D.Kan. March 9, 1993) (citing *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir.1968)), *rev'd on other grounds*, 54 F.3d 652 (10th Cir.1995). A "[d]efendant is not deprived of the protection of the statute of limitations if the original complaint fairly discloses the general fact situation out of which the new claims arise." *Masters v. Daniel Int'l Corp.*, 1991 WL 107410 at *10 (D.Kan. May 3, 1991).

The fact that an amendment changes the legal theory on which the action initially was brought is of "no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading." 6A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure*, § 1497, at 94–95 (1990). "Relation back to the date of the original filing applies even when the amendment states a new basis for subject matter jurisdiction." *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 887 (3d Cir.1992).

The court is not persuaded that defendant would be prejudiced by allowing plaintiff's Title VII and ADA claims to relate back to the filing of the original complaint. The factual circumstances alleged in the original complaint are the same set of facts that form the basis of plaintiff's Title VII and ADA claims. *See Davis v. University of Chicago Hosp.*, 158 F.R.D. 129, 131–32 (N.D.Ill.1994) (retaliation claims related back to original claims of discrimination); (*Kohn v. GTE North, Inc.*, 754 F.Supp. 563, 569 (S.D.Ohio 1990) (allowed sexual harassment claim to relate back)); *Wilburn v. Dial Corp.*, 724 F.Supp. 530, 533–35 (W.D.Tenn.1989) (discussion of competing policies of Rule 15(c) and the 90–day filing requirement). The court concludes that plaintiff's claims relate back to the filing of the original complaint. Thus, plaintiff has complied with the 90–day filing requirement and her claims are not time-barred.

### IV. Exhaustion of Administrative Remedies

Next, defendants argue that plaintiff has failed to exhaust her administrative remedies because she did not file a timely charge of retaliation with the Kansas Human Rights Commission (KHRC) and the EEOC. In support, defendants have submitted the two charges of discrimination that plaintiff filed with the KHRC and the EEOC and an amended charge that plaintiff filed with the KHRC. Defendants contend that plaintiff's claims for retaliation are not included within the scope of plaintiff's administrative charges. In addition, defendants assert that the amended charge filed with the KHRC does not relate back to the original charge and that it does not serve to amend the EEOC charge.

In a motion under Fed.R.Civ.P. 12(b)(6), the court cannot consider matters outside the pleadings. Neither party has requested that the court treat the motion as one for summary judgment pursuant to Fed. R.Civ.P. 56. The court is required to give notice to the parties when it converts a motion to dismiss to a motion for summary judgment. Fed.R.Civ.P. 12(b)(6). The court has not given such notice. The court, therefore, will not consider defendants' exhibits in ruling on the motion to dismiss.

Before an aggrieved party may file suit in federal court under Title VII or the ADA, he or she must exhaust administrative remedies. *Martin v. Nannie & The Newborns Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993) (Title VII); *Olds v. Alamo Group (KS), Inc.*, 889 F.Supp. 447, 449–50 (D.Kan.1995) (in the context of private employers, ADA incorporates the remedies and procedures of Title VII); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (exhaustion requirements are limitational rather than jurisdictional). The requirement allows the EEOC the first opportunity to investigate the alleged discriminatory practices and permits it to perform its role in obtaining voluntary compliance and promote conciliatory efforts. *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir.1983).

Plaintiff has alleged in her complaint that she has exhausted her administrative remedies and obtained an EEOC right to sue letter. A general allegation that plaintiff has complied with the conditions precedent to filing Title VII and ADA claims is sufficient to withstand a motion to dismiss. *See* Fed. R.Civ.P. 9(c). The court concludes that defendants' motion to dismiss for failure to exhaust administrative remedies is denied.

### V. Deficiencies in Pleading

Finally, defendants contend that plaintiff has failed to adequately plead the alleged protected activity she engaged in and the acts of retaliation in her amended complaint. Defendants seek dismissal of each of the three claims asserted in plaintiff's amended complaint.

Plaintiff's claims of retaliation are brought under KAAD, Title VII, and the ADA. Plaintiff alleges that defendants retaliated against her for opposing defendants' acts of race and disability discrimination of other employees. Plaintiff alleges she was constructively discharge as a result of her opposition to the discrimination.

KAAD, Title VII, and the ADA prohibit an employer from discharging an employee who

opposes any acts of discrimination prohibited by the applicable statute. *See* K.S.A. § 44–1009(a)(4) (KAAD prohibits any employer from discharging an employee because the employee opposed any acts of discrimination based on race or disability); 42 U.S.C. § 2000e–3(a) (Title VII prohibits an employer from discharging an employee because the employee has opposed acts of discrimination based on race); 42 U.S.C. § 42 U.S.C. § 12203(a) & (b) (ADA prohibits retaliation and intimidation of an employee for opposing the employer's acts of disability discrimination).

■■ "To establish a prima facie case of retaliation, the plaintiff must prove: '(1) she engaged in a protected opposition to discrimination or participation in a proceeding arising out of the discrimination, (2) adverse action by the employer subsequent to the protected activity, and (3) a causal connection between the employee's activity and the adverse action.'" *Lyman v. Nabil's Inc.*, 903 F.Supp. 1443, 1448 (D.Kan.1995) (quoting *Griffith v. State of Colo. Div. of Youth Servs.*, 17 F.3d 1323, 1331 (10th Cir.1994)).

In her amended complaint, plaintiff alleges that her manager, Connie Bosch, ordered her not to hire "too many blacks and minorities as employees." Complaint ¶ 10. Further, plaintiff alleges that Bosch told her to fire two employees, Amanda Berg and Dustin Singleton, because of their disabilities. Complaint ¶¶ 12–13. Finally, plaintiff alleges that Bosch told her to fire an employee, Doug Gover, because he qualified for a federal earned income tax credit which was costing the company over $3,000 per year. Complaint ¶ 14. Plaintiff further alleges that Doug Gover is an American Indian. *Id.*

Plaintiff did not fire any of the employees. Complaint ¶ 12–15. Bosch questioned plaintiff about her failure to fire Berg. Complaint ¶ 12. Eventually, Berg and Singleton quit. Complaint ¶¶ 12–13. Plaintiff alleges that Bosch verbally abused her as a result of her refusal to fire Mr. Gover. Complaint ¶ 15. Plaintiff alleges that on March 17, 1993, she spoke with Terry Scott, one of defendants' office administrators, about her complaints regarding Bosch. Complaint ¶ 25. Plaintiff further alleges that Scott told her Bosch would only receive "a slap on the wrist" if plaintiff pursued the claim with the company and that the company then would find a reason to fire plaintiff. *Id.*

Plaintiff alleges that she filed a complaint with the Lawrence Human Relations Commission on March 31, 1993, regarding the verbal abuse and race discrimination. Complaint ¶ 19. Plaintiff alleges that on April 6, 1993, Bosch attempted to apologize to plaintiff and to discuss what plaintiff planned to do about the charges. Complaint ¶ 21–22. Plaintiff told Bosch to contact the Lawrence Human Relations Commission. Complaint ¶ 22. Plaintiff alleges that after April 6, 1993, Bosch refused to speak to her. Complaint ¶ 24. On April 14, 1993, plaintiff gave two weeks notice of her resignation. *Id.* Her resignation was accepted, effective immediately. *Id.*

■■ The court first will address whether plaintiff properly alleges that defendants engaged in retaliation in violation of Title VII and KAAD for plaintiff's protected opposition to the racially discriminatory acts of defendants. It appears that the complaint properly alleges that plaintiff opposed Bosch's discrimination of minority employees. Plaintiff's filing of a complaint with the Lawrence Human Relations Commission put defendants on notice of her opposition to the practices. *See Lyman*, 903 F.Supp. at 1448 (informal complaint qualifies as protected activity). Following the filing of the complaint, Bosch verbally abused plaintiff and later refused to speak to her. The court concludes that plaintiff's complaint sufficiently alleges that she opposed defendants' acts of racial discrimination and that retaliation ensued.

■■ Defendant further contends that plaintiff has not properly pleaded that she was constructively discharged. The test for constructive discharge is "whether a reasonable person would view the working conditions as intolerable." *Derr v. Gulf Oil Corp.*, 796 F.2d 340, 343 (10th Cir.1986) (citation and alteration omitted). The court concludes that plaintiff has satisfied the liberal pleading standard under Fed.R.Civ.P. 8(a). A claim cannot be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff

can prove no set of facts which would entitle her to relief. The court will not dismiss plaintiff's claims of retaliation for her protected opposition of racially discriminatory practices by defendants under Title VII and KAAD.

 Finally, the court will address the sufficiency of plaintiff's claims of retaliation for her opposition to disability discrimination under the ADA and KAAD. As to these claims, the court finds that plaintiff has not properly pleaded that she opposed the acts of discrimination or that she was constructively discharged in retaliation for her opposition. Plaintiff has not alleged that she voiced any opposition to her manager's order to fire two employees based on their disabilities. Plaintiff alleges in her amended complaint that she filed a charge with the Lawrence Human Relations Commission regarding verbal abuse and race discrimination. Plaintiff does not allege that the charge included allegations of disability discrimination. In addition, plaintiff fails to allege any retaliation arose as a result of her refusal to fire the two disabled employees or that she was constructively discharged based on any retaliation.

The court concludes that plaintiff has failed to plead a cause of action of retaliation for her engagement in protected opposition to disability discrimination under the ADA and the KAAD. Defendants motion to dismiss as to these claims is granted. Pursuant to Fed.R.Civ.P. 15(a), the court will allow plaintiff time to amend her complaint as to these claims to attempt to comply with the pleading requirements.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motions to dismiss (Docs. 5 & 27) are granted in part and denied in part. Plaintiff's claims of retaliation based on her protected opposition to disability discrimination under the ADA and the KAAD are dismissed. Plaintiff is granted leave to file a second amended complaint on or before March 15, 1996, to attempt to remedy the pleading deficiencies described above.

Copies of this order shall be mailed to plaintiff, personally, at 1402 W. 21st Terrace, Lawrence, KS 66046, and to counsel of record for the defendants.

**IT IS SO ORDERED.**