Megan KHADER, Plaintiff–Appellant,

v.

Les ASPIN, Secretary of Defense,
Defendant–Appellee.

No. 93–1008.

United States Court of Appeals,
Tenth Circuit.

Nunc Pro Tunc June 29, 1993.

Reissued as Corrected Aug. 17, 1993.

SUBMITTED ON THE BRIEFS: *

Megan Khader, pro se.

Michael J. Norton, U.S. Atty., and Kathleen L. Torres, Asst. U.S. Atty., Denver, CO, for defendant-appellee.

Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Megan Khader appeals *pro se* the district court's order granting judgment in favor of Secretary of Defense Les Aspin[1] in her employment discrimination action under Title VII, 42 U.S.C. § 2000e–16, and dismissing her action for lack of subject matter jurisdiction. Khader claims that the district court erred by concluding that she had failed to exhaust her administrative remedies. We

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

FACTS

In December, 1986, Khader was hired as an "intermittent regular schedule category cashier" for the Army and Air Force Exchange Service (AAFES). Her original work assignment was at the base exchange at Lowry AFB in Denver. In July 1987, she was promoted to the position of "exchange detective." Six weeks later, apparently as a result of Khader's "having some personal problems with another employee," AAFES transferred her to another cashier's position at Fitzsimmons Medical Center in Aurora, Colorado. R. Vol. I, Tab 19, Exhibit 29.

Khader suffers from a chronic back problem, hypoglycemia, foot tendonitis, and edema of the lower extremities. In her complaint, she claims that in September 1987, she began providing her employer with medical documentation of her need for "rest and work adjustments for her disabilities." R. Vol. I, Tab 2 at ¶ 9. She claims that her employer refused to make the necessary adjustments for her disability, including failure to accommodate her dietary requirements. Additionally, she alleges that she was denied fair employment practices from October 1987 until her termination in August 1988. Specifically, Khader alleges that she applied for various positions but was not hired due to AAFES' discrimination against her on the basis of her disabilities. *Id.* at ¶ 10.

Khader claims that beginning in January 1988, she made repeated unavailing attempts to resolve her complaints with the Equal Employment Opportunity (EEO) personnel at AAFES. She then wrote to Senator Armstrong and Congresswoman Schroeder asking for their assistance. Both Armstrong and Schroeder made inquiries and received detailed responses from deputy chiefs of the Departments of the Army and the Air Force.

1. Les Aspin succeeded Richard Cheney as Secretary of Defense on January 20, 1993. Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, Les Aspin is substituted, therefore, for Richard Cheney as the defendant in this suit.

R. Vol. I, Tab 19, Exhibits 34, 36, 43, 44. These responses indicate that Khader's complaints had been reviewed and acted upon by AAFES and EEO personnel at Fitzsimmons. *Id.* at Exhibits 36, 44.

On August 9, 1988, Khader met with EEO counselor Clementine Carter who drafted a memorandum of counseling and forwarded it to the Ohio Valley Exchange Region. Declaration of Clementine Carter, R. Vol. I, Tab 10. On August 19, 1988, Khader was notified that she would be terminated from her position at Fitzsimmons Medical Center effective August 26, 1988. R. Vol. I, Tab 19, Exhibit 51.

Khader filed a formal complaint with the EEOC on October 28, 1988. By correspondence dated November 25, 1988, David Frame, the deputy director of the AAFES EEO program, acknowledged receipt of her complaint and outlined her procedural rights and duties. He then wrote to Khader again in December 1988 indicating that he needed further information in order to evaluate her complaint. In six numbered paragraphs, Frame summarized what he understood her allegations to be, and asked her to supply him with the dates, places, persons and acts associated with those allegations. In March 1989, Frame wrote again to Khader to let her know he had not received a response to his December 1988 request for clarifying information. In response, Khader sent Frame a copy of a certified mail receipt showing that correspondence of some nature was delivered to AAFES on December 21, 1988. Along with the copy of the mail receipt was the following note:

> Mr. Frame:
>
> You're a lying son of a bitch (per your 21 Mar. 89 letter) *and I can prove it!*
>
> I have had it. How dare you try to continue to humiliate and torture me—a poor, disabled woman who has had to contend with welfare, etc. because of AAFES.
>
> Screw you. See you in court.
>
> With Total Sincerity—
>
> /s/ Megan Khader
>
> 28 March 89

R. Vol. I, Tab 3, Exhibit E. Frame responded to this letter on May 22, 1989 by indicating that the December correspondence from Khader had apparently been misplaced. He then stated:

> While I appreciate that resubmitting your reply may be an inconvenience, it is necessary if you wish to continue processing on your complaint. Your vulgar invectives and contumacious refusal to provide the information requested demonstrates a lack of good faith to prosecute your complaint. You are therefore advised that it is intended to cancel your complaint for failure to prosecute if I have not received a definitive reply from you WITHIN 15 CALENDAR DAYS AFTER YOUR RECEIPT OF THIS LETTER.
>
> /s/ David E. Frame

*Id.* at Exhibit F. Khader did not supply the requested information and on June 6, 1989, instituted this action in district court. Defendant filed a Motion to Dismiss on August 14, 1989, and the U.S. Magistrate Judge held a hearing on that motion on October 3, 1989. During that hearing, in light of the defendant's exhibits and the nature of the plaintiff's argument, the Magistrate converted the proceedings to a hearing on defendant's motion for summary judgment. Due to a defect in a portion of the tape recording of the October 3 hearing, a second hearing was held on April 27, 1990.

In June 1990, the Magistrate Judge recommended that summary judgment be granted to defendants because Khader had failed to exhaust her administrative remedies and, therefore, the court lacked subject matter jurisdiction. The district court adopted the Magistrate's recommendation, considered further filings by Khader in the district court, and entered judgment on December 7, 1992, dismissing Khader's complaint for lack of subject matter jurisdiction.

## DISCUSSION

The controlling question here is whether, under Title VII, a claimant may begin an administrative procedure and, before it is completed, abandon it for a suit in federal court. As we have stated before, "exhaustion of administrative remedies is a jurisdictional prerequisite" to instituting a Title VII action in federal court. *Johnson v.*

*Orr,* 747 F.2d 1352, 1356 (10th Cir.1984). The existence of proper subject matter jurisdiction is a question of law which we review *de novo. Kiehn v. United States,* 984 F.2d 1100, 1102 (10th Cir.1993); *Bank of Okla. v. Muscogee (Creek) Nation,* 972 F.2d 1166, 1168–69 (10th Cir.1992).

Section 717(a) of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e–16(a), prohibits discrimination in federal employee personnel actions on the basis of race, religion, sex or national origin.[2] The authority to enforce § 2000e–16(a) is vested in the Equal Employment Opportunity Commission. *See id.* at § 2000e–16(b). Although § 2000e–16(c) permits an employee to file suit in federal court alleging a violation of § 2000e–16(a), it is well-settled that administrative remedies must first be fully exhausted.[3] *See Brown v. General Services Administration,* 425 U.S. 820, 828–29, 96 S.Ct. 1961, 1965–66, 48 L.Ed.2d 402 (1976); *Sampson v. Civiletti,* 632 F.2d 860, 862 (10th Cir.1980).

The requirement that a Title VII claimant exhaust administrative remedies serves the purpose of "giv[ing] the agency the information it needs to investigate and resolve the dispute between the employee and the employer. Good faith effort by the employee to cooperate with the agency and the EEOC and to provide all relevant, available information is all that exhaustion requires." *Wade v. Secretary of Army,* 796 F.2d 1369, 1377 (11th Cir.1986). Conversely, when a complainant refuses or fails to provide the agency information sufficient to evaluate the merits of the claim, he or she "cannot be deemed to have exhausted administrative remedies." *Id.* at 1376; *see also Pack v. Marsh,* 986 F.2d 1155, 1157 (7th Cir.1993); *Edwards v. Department of the Army,* 708 F.2d 1344, 1347 (8th Cir.1983). This is also true of a complainant who abandons his or her claim before the agency has reached a determination. *See Rivera v. U.S. Postal Service,* 830 F.2d 1037, 1039 (9th Cir.

1987) ("To withdraw is to abandon one's claim, to fail to exhaust one's remedies."), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988).

Construing Khader's *pro se* pleadings liberally, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), it appears that her argument on appeal is that she did her best to exhaust her administrative remedies, but that her efforts were consistently stymied by the AAFES EEO Program's "calculated, continuous, and malicious actions." Appellant's Opening Brief at 6. She asserts that she "did not have the money or health to copy and submit" again the materials she claims to have originally sent to Mr. Frame. *Id.*

While we appreciate Khader's frustration upon learning that her materials had been misplaced by the AAFES EEO program personnel, "[i]mpatience with the agency does not justify immediate resort to the courts." *Rivera,* 830 F.2d at 1039. Moreover, we do not perceive the inadvertent loss of Khader's December 1988 mailing as calculated malice on the part of EEOC, nor do we view Khader's angry refusal to resubmit the requested materials as indicative of a good faith effort on her part to comply with administrative procedures.

The district court found, and we agree, that ."Magistrate Harvey correctly set forth the facts concerning Ms. Khader's communications with the agency and correctly concluded that she failed to comply with reasonable requests for additional information." R. Vol. I, Tab 20 at 2. Accordingly, we AFFIRM the district court's holding that it lacked subject matter jurisdiction because Khader failed to exhaust her administrative remedies.

---

2. Section 2000e–16 does not mention handicap discrimination. However, 29 U.S.C. § 794a(a)(1) extends the remedies available under § 2000e–16 to federal employees who, like Khader, allege discrimination based on handicap.

3. When Congress enacted § 794a(a)(1) to redress handicap discrimination by federal agency employers, " 'it is evident that [it] intended to invoke ... the requirement that a claimant exhaust administrative remedies before filing suit in federal court.' " *Johnson,* 747 F.2d at 1357 (quoting *Smith v. United States Postal Service,* 742 F.2d 257, 261 (6th Cir.1984)). ·