56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ted R. HAHN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; Marvin T. Runyon, Postmaster
General, Defendants-Appellees.
 No. 94-1424.
 United States Court of Appeals, Tenth Circuit.
 May 31, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Ted R. Hahn appeals from an order of the district court dismissing this action pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. We affirm.
 
 
 4
 Mr. Hahn commenced this Title VII action in district court after receiving notice of the agency's final decision. Defendant moved to dismiss the action after the pretrial order was entered, contending the district court did not have jurisdiction because Mr. Hahn had failed to exhaust his administrative remedies.
 
 
 5
 Mr. Hahn argues defendant raised the jurisdictional issue too late in the judicial process and the court erred in entertaining the motion. However, because federal courts have limited jurisdiction, a court must dismiss an action whenever it determines it lacks jurisdiction. Mineral Resources Int'l v. United States Dep't of Health & Human Servs., Nos. 94-9523, 94-9524, 94-9525, 1995 WL 235575, at * 2 (10th Cir. Apr. 19, 1995). The district court properly ruled on the motion as raised.
 
 
 6
 We review de novo the district court's dismissal of a complaint under Rule 12(b)(1). Holt v. United States, 46 F.3d 1000, 1003 (10th Cir.1995).
 
 
 7
 After Mr. Hahn filed his EEO complaint, he was told to submit an affidavit containing specific information about his claim. Mr. Hahn refused stating the requested information was contained in various papers he had already submitted to the agency. The agency then cancelled Mr. Hahn's complaint for failure to prosecute in accordance with 29 C.F.R. 1613.215(a)(6).
 
 
 8
 Federal courts can only exercise the jurisdiction granted them by Congress. Mineral Resources Int'l, 1995 WL 235575, at * 3. In the Title VII context, Congress has provided that an employee must exhaust his administrative remedies prior to filing an action in federal court. Khader v. Aspin, 1 F.3d 968, 970 (10th Cir.1993); see also Brown v. General Servs. Admin., 425 U.S. 820, 828-29 (1976).
 
 
 9
 The purpose of exhaustion is to provide the agency with the information it needs to investigate and resolve the dispute. Khader, 1 F.3d at 971. Here, the agency issued a reasonable request for sufficient information so it could evaluate the merits of Mr. Hahn's claim. The agency, also reasonably, requested that the information be presented within one affidavit. By refusing to comply with the agency's request, Mr. Hahn failed to exhaust his administrative remedies. See id.
 
 
 10
 While the failure to exhaust may be excused in certain circumstances, we do not perceive the agency's request as "calculated malice," nor do we perceive Mr. Hahn's refusal to submit the requested affidavit as indicative of a good faith effort to comply with administrative procedures. See id. The district court properly dismissed this action.
 
 
 11
 Mr. Hahn argues he was forced to commence this action because the agency did not issue its final decision within 180 days of the date he filed his initial charge. Because we resolve this appeal on jurisdictional grounds, we do not address this issue.
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation