**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 9 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEORGE BAKER,

       Plaintiff - Appellant,

       v.

MARVIN T. RUNYON, Postmaster
General,

       Defendant - Appellee.

No. 96-6293

(W.D. Oklahoma)

(D.C. No. CIV-96-375-R)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

George Baker appeals the district court's order dismissing, for lack of subject matter jurisdiction, his employment discrimination action under the Rehabilitation Act of 1973[1] against Postmaster General Marvin Runyon. Mr. Baker claims the district court erroneously concluded that he abandoned his administrative remedies because, he argues, the Postmaster General prevented him from exhausting those remedies. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

## BACKGROUND

George Baker began working for the Postal Service in Oklahoma City, Oklahoma, on November 27, 1993. On March 10, 1994, Mr. Baker submitted an Equal Employment Opportunity (EEO) Request for Counseling, alleging that his immediate supervisor "imposed disparate treatment on [him] on numerous occasions," and that he was a "temporary handicapped federal employee, . . . as well as a 10 point veteran from the military." Appellant's App. at 52. In this request for counseling, Mr. Baker listed Erman Presley as his authorized representative. Id. at 54. The EEO counselor sent Mr. Baker a Notice of Right to File Individual Complaint, informing him that the matter he raised in his request for counseling had not been resolved, and that he had a right to file a formal EEO complaint within fifteen days of receiving the notice. Appellant's App. at 40. Mr. Baker received this notice by certified mail on March 21, 1994, but the notice was not

_____

[1] 29 U.S.C. §§ 701-797b.

- 2 -

mailed to his representative, Mr. Presley. Mr. Baker did not pursue the administrative remedy process by filing an EEO complaint.

It appears from the record that Mr. Baker last presented himself for work on June 22, 1994. After two "absence inquiries" and a notice proposing his removal were mailed to Mr. Baker, the Postal Service's Acting Customer Service Operations Manager for Oklahoma mailed him a decision letter on April 20, 1995, removing him from the Postal Service effective April 25, 1995. The decision letter informed Mr. Baker of his right to appeal the decision to the Merit Systems Protection Board (MSPB) or to file an EEO complaint. Appellant's App. at 30-32. It is undisputed that Mr. Baker received this letter. He did not appeal the decision to the MSPB or file an EEO complaint.

Mr. Baker filed the present complaint in the district court on March 11, 1996, alleging he was harassed and ultimately terminated due to his disability. The Postmaster General moved, in the alternative, to dismiss for lack of jurisdiction, or for summary judgment. The district court dismissed Mr. Baker's complaint for lack of subject matter jurisdiction, finding that he failed to exhaust his administrative remedies for "acts which were the subject of [his] March 9, 1994 EEO Request for Counseling and for [his] April 1995, termination." Appellant's App. at 58. Mr. Baker claimed that he was not required to file a separate EEO charge for his 1995 termination because the alleged acts surrounding his termination were reasonably related to his 1994 EEO request for counseling. The court rejected this argument, noting that Mr. Baker did not exhaust the

1994 EEO administrative process, so no EEO claim was pending when he was terminated. The court also determined that the Postmaster General did not prevent Mr. Baker from exhausting his administrative remedies or deny him access to the administrative process by failing to notify Mr. Presley concerning the 1995 termination, because the Postmaster had no duty to notify a personal representative from a prior, aborted EEO counseling, and because Mr. Presley had received the termination decision letter as of April 27, 1995.

On appeal, Mr. Baker concedes that he did not exhaust his administrative remedies as required. However, he argues that "any failure to complete the [administrative remedy] process was due to the Defendant's deliberate attempt to deny Baker his statutory rights and deny access to his chosen representative." Appellant's Br. at 6. First, he claims that the district court "overlooked" evidence showing a pattern of discrimination against those who file EEO complaints, and that he "had attempted to meet with the Defendant's representative, but the Defendant refused." Id. Second, he asks this court to impose upon federal agencies a duty to notify an individual's representative of steps taken in the administrative remedy process, and claims that the failure to notify his

representative caused delay in violation of 29 C.F.R. § 1613.220 (1995),[2] and was

retaliatory in violation of 29 C.F.R. § 1613.261 (1995).[3]


**DISCUSSION**

We review de novo the district court's dismissal for lack of subject matter

jurisdiction under Fed. R. Civ. P. 12(b)(1). Painter v. Shalala, 97 F.3d 1351, 1355 (10th

Cir. 1996); Khader v. Aspin, 1 F.3d 968, 971 (10th Cir. 1993). Federal courts are courts

of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a

plaintiff pleads sufficient facts to establish it. Celli v. Shoell, 40 F.3d 324, 327 (10th Cir.

1994).

Here, the principal issue is whether the failure to mail Mr. Baker's personal

representative a 1994 Notice of Right to File Individual Complaint, excused Mr. Baker

from exhausting administrative remedies for his 1994 request for counseling and his 1995

termination from the Postal Service. An action such as Mr. Baker's, brought under 29

---

[2] 29 C.F.R. § 1613.220(a) provides: "The complaint shall be resolved promptly. To this end, both the complainant and the agency shall proceed with the complaint without undue delay so that the complaint is resolved within 180 calendar days after it was filed . . . ."

[3] 29 C.F.R. § 1613.261 provides: "It is unlawful to restrain, interfere, coerce or discriminate against complainants, their representatives, witnesses, . . . and other agency officials . . . because of involvement with a discrimination charge during any stage in the presentation and processing of a complaint, including the counseling stage . . . ."

U.S.C. § 791,[4] operates under the procedural constraints of Title VII of the Civil Rights Act of 1964.  See Johnson v. United States Postal Service, 861 F.2d 1475, 1477-78 (10th Cir. 1988) (citing 29 U.S.C. § 794a(a)(1)).  It is well-established law that exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court.  See Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996), cert. denied, 117 S. Ct. 1243 (1997); Khader, 1 F.3d at 970-71.

It is undisputed that Mr. Baker has not exhausted his administrative remedies.  We agree with the district court that the Postmaster General did not prevent Mr. Baker from exhausting his administrative remedies, and that his failure to exhaust was not excused.[5]

Mr. Baker's primary argument, which he does not support with any case authority, is that the Postmaster General's failure to notify Mr. Baker's personal representative of his right to file a complaint in 1994 somehow excuses his duty to exhaust administrative remedies.  Regardless of Mr. Baker's questionable assertion that his 1994 request for counseling relates to his 1995 termination and obviates the need to pursue separate

---

[4]Mr. Baker brought his suit under the entire Rehabilitation Act, 29 U.S.C. §§ 701 - 797b.  We have held that 29 U.S.C. § 791 is the exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap, and construe Mr. Baker's appeal accordingly.  See Johnson v. United States Postal Service, 861 F.2d 1475, 1477 (10th Cir. 1988).

[5]Mr. Baker offers only his own affidavit to support his claims that the district court overlooked evidence that the Postmaster General refused to meet with him about his disability, and engaged in a pattern of discrimination.  The evidence before the district court, including Mr. Baker's 1994 EEO Request for Counseling, clearly support the district court's determination that the Postmaster General did not prevent Mr. Baker from exhausting his administrative remedies.

administrative remedies for the termination,[6] Mr. Baker never exhausted administrative remedies either in 1994 or 1995. While the Postmaster General concedes that he should have mailed the 1994 notice to Mr. Baker's personal representative,[7] he correctly points out that this failure did not excuse Mr. Baker from pursuing his administrative remedies, especially because Mr. Baker had personal notice of his 1994 right to file a complaint and was "responsible for proceeding with the complaint whether or not he . . . [had] designated a representative." 29 C.F.R. 1614.605(e) (1995).

The Postmaster General spends considerable time in his brief arguing that Mr. Baker is not entitled to equitable tolling of the Title VII time limitations. Because Mr. Baker does not raise this issue, we need not address it. However, we note that "failing to send a copy of the right to sue letter to [a plaintiff's] attorney," does not justify equitable tolling under Tenth Circuit precedent. Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1269 n.2 (10th Cir. 1996). As Mr. Baker failed to exhaust his administrative remedies either in the 1994 request for counseling or after his 1995 termination, the district court properly dismissed his complaint for lack of subject matter jurisdiction

---

[6]Mr. Baker cites Ingels v. Thiokol Corp., 42 F.3d 616 (10th Cir. 1994), for the proposition that he was not required to file an EEO claim for his 1995 termination because the acts alleged in his 1994 request for counseling were reasonably related to those surrounding his 1995 termination. Appellant's Br. at 7.

[7]Appellee's Br. at 7. 29 C.F.R. § 1614.605(d) (1995), which Mr. Baker does not cite, provides that "after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant."

under Fed. R. Civ. P. 12(b)(1).  The judgment of the district court is therefore

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge