F I L E D
United States Court of Appeals
Tenth Circuit

NOV 4 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RICHARD ROUSAY,

     Plaintiff - Appellant,

v.

UTAH STATE TAX COMMISSION,
MICHAEL ZIMMERMAN, LISA
CRENSHAW, PEMA
CHAGZOETSANG, G. BLAINE
DAVIS, MICHAEL WILLIAMS, AND
SUSAN BARNUM,

     Defendants - Appellees.

No. 98-4013
(D.C. No. 96-CV-950)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

Plaintiff-Appellant Richard Rousay, appearing pro se, appeals from the

district court's dismissal of his civil rights claims against various governmental

entities and officials, specifically the Utah State Tax Commission; G. Blaine

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Davis, Administrative Law Judge of the State of Utah; Michael Zimmerman, Chief Justice of the Utah Supreme Court; Susan Barnum, Assistant Attorney General of the State of Utah; and Lisa Crenshaw, Pema Chagzoetsang, and Michael Williams, Utah State Tax Commission employees. Mr. Rousay asserted that his rights were violated by actions of the Defendants in connection with the assessment, collection, and review of a state tax liability, and he sought punitive damages. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Mr. Rousay claims that the district court erred in (1) denying his motion for a default judgment; (2) determining that the Utah State Tax Commission may not be sued in federal court by virtue of the Eleventh Amendment; (3) determining that Chief Justice Zimmerman and Judge Davis are immune from suit and claims for punitive damages in their capacities as judicial officers; (4) determining that it did not have general subject matter jurisdiction to review the rulings and decisions of Utah state courts as to procedural matters; and (5) finding that the conduct of the defendants did not rise to a level of denial of either procedural or substantive due process.

We review de novo the district court's decision to dismiss for lack of subject matter jurisdiction and for failure to state a claim. See Seamons v. Snow, 84 F.3d 1226, 1231 (10th Cir. 1996); Khader v. Aspin, 1 F.3d 968, 971 (10th Cir. 1993). Mr. Rousay's argument in support of default judgment is without merit.

- 2 -

The due date for the defendants to answer his complaint was Sunday, May 18, 1997, which was extended to Monday, May 19, 1997 by virtue of Fed. R. Civ. P. 6(a). The fact that "the clerk maintains a 24-hour, seven-day per week service" is irrelevant. Thus the district court did not err in denying Mr. Rousay's motion for default judgment.

The district court adopted the magistrate judge's Report and Recommendation as to the other issues. The district court correctly determined that the Eleventh Amendment bars a suit in federal court against the Utah State Tax Commission. See Regents of the Univ. of California v. Doe, 117 S. Ct. 900, 903-04 (1997); Kennecott Copper Corp. v. State Tax Comm'n, 327 U.S. 573 (1946). The district court also correctly concluded that Chief Justice Zimmerman and Judge Davis are immune from suit and from claims for punitive damages in their capacities as judicial officers. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991). This immunity is only overcome for actions not taken in a judge's official capacity or for actions taken in complete absence of jurisdiction. See id. at 11-12. Neither of those exceptions applies here.

In addition, the district court correctly held that it was without general subject matter jurisdiction to review the prior state court proceedings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); VanSickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1989). The district court

also was correct in finding that the conduct of the defendants did not rise to a level of denial of either procedural or substantive due process. Mr. Rousay received adequate procedural due process in the hearings by the Utah State Tax Commission, see Mathews v. Eldridge, 424 U.S. 319 (1976), and alleges no conduct sufficient to support a claim of a substantive due process violation. See Uhlrig v. Harder, 64 F.3d 567, 573-74 (1995).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge