**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICK F. GALLEGOS,

      Plaintiff-Appellant,

v.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
F. Whitten Peters, Acting Secretary,
Department of the Air Force; KEVIN
CUTLER,

      Defendants-Appellees.

No. 99-4237

(D.C. No. 98-CV-127)
(D.Utah)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Rick Gallegos, appearing pro se, appeals the district court's dismissal of his Title VII complaint alleging discrimination in the termination of his civilian employment at Hill Air Force Base in Utah. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

According to his complaint, Gallegos suffered job-related injuries to his back and hands during the course of his employment at Hill Air Force Base. Thereafter, Gallegos was terminated from his employment, allegedly due to a reduction in force. Gallegos filed an administrative complaint with the Equal Employment Opportunity Commission (EEOC) claiming he was terminated due to the physical limitations that resulted from his job-related injuries. The EEOC found there was no discriminatioin against Gallegos. Gallegos appealed to the Merit Systems Protection Board, again alleging discrimination on the basis of physical handicap. Gallegos subsequently entered into a settlement with the Department of the Air Force. In return for withdrawing his MSPB appeal, the Air Force agreed to place Gallegos on its Reemployment Priority List for a specified period of time. Apparently dissatisfied with the terms of the settlement agreement, Gallegos later filed a petition for review with the EEOC claiming the agreement was the product of a mutual mistake. The EEOC denied Gallegos' petition for review and informed him that he had the right to file a civil action in federal court.

2

Gallegos filed his complaint in this action on December 9, 1998. Gallegos named as defendants the EEOC and the Acting Secretary for the Department of the Air Force. Gallegos alleged he was terminated from his employment not only due to his physical limitations, but also due to his race, color, and national origin. On June 24, 1999, Gallegos filed a motion for default judgment. On July 26, 1999, the magistrate judge assigned to the case denied Gallegos' motion on the grounds that he had failed to properly serve the defendants. Pursuant to Federal Rule of Civil Procedure 4(m), the magistrate judge granted Gallegos "thirty (30) days to effect proper service upon the defendants." ROA, Doc. 9 at 3.

On October 25, 1999, defendants moved to dismiss Gallegos' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (5) on the grounds that (a) the EEOC was not a proper defendant, (b) Gallegos had failed to exhaust his administrative remedies regarding his claims of discrimination on the basis of race, color, and national origin, (c) the settlement agreement entered into by Gallegos and the Air Force mooted Gallegos' claim of handicap discrimination, and (d) Gallegos had failed to properly serve defendants with a copy of the complaint and summons. Under the district court's local rules, Gallegos had fifteen days, or until November 9, 1999, to file a memorandum opposing the defendants' motion. D.U.Civ.R. 7-1(b)(3). On November 17, 1999, the district court granted defendants' motion due to Gallegos' failure to respond and for

3

"good cause." ROA, Doc. 14. On November 19, 1999, Gallegos filed a memorandum in opposition to the defendants' motion to dismiss, arguing that he was misinformed when he entered into the settlement agreement with the Air Force. Gallegos subsequently filed a notice of appeal on November 30, 1999.

Gallegos raises a single issue on appeal. He asserts the magistrate judge sent him a letter dated July 27, 1999, that "contained the time frames that [he] had to respond to" the defendants' motion to dismiss. Aplt's Opening Brief at 5. Gallegos contends that even though he filed a timely response, the district court issued its ruling before the expiration of the time limits established by the magistrate judge.

When a case is dismissed for failure to file a responsive pleading or to comply with a local rule, we review the dismissal for an abuse of discretion. See Murray v. Archambo, 132 F.3d 609, 610 (10th Cir. 1998); Hancock v. City of Okla. City, 857 F.2d 1394, 1395-96 (10th Cir. 1988). An abuse of discretion is "a judicial action which is arbitrary, capricious, or whimsical." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

After carefully examining the record, we conclude there was no abuse of discretion on the part of the district court. Contrary to Gallegos' assertions, there is no indication in the record that the magistrate judge issued a letter on July 27, 1999, outlining the date by which Gallegos must respond to the defendants'

4

motion to dismiss.   Indeed, it is impossible that such a letter exists because the defendants had not been served as of July 26, 1999, and they did not file their motion to dismiss until October 25, 1999.  We therefore conclude the district court acted within its discretion in granting the defendants' motion to dismiss due to Gallegos' failure to respond within the time limits established by the district court's local rules.[1]

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Out of an abundance of caution due to Gallegos' pro se status, we have reviewed de novo the defendants' motion to dismiss,      see Khader v. Aspin , 1 F.3d 968, 971 (10th Cir. 1993) (noting that dismissal of suit for lack of subject matter jurisdiction is reviewed de novo), and agree with the district court there was "good cause" for granting it.