**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DELLA LOWBER,

            Plaintiff-Appellant,

v.

CITY OF NEW CORDELL,
a municipal corporation,

            Defendant-Appellee.

No. 08-6070
(D.C. No. 5:07-CV-00713-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

Della Lowber appeals from the district court's grant of summary judgment

in favor of the City of New Cordell ("City") on her claim of sex discrimination in

violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further

proceedings in the district court.

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

\* \* \*

Ms. Lowber's discrimination claim stems from the City's failure to hire her as its animal-control officer in July 2005. She had previously held that job from 1990 until the position was eliminated by the City in 2004 for budgetary reasons. When the City opened a new animal-control position in 2005, Ms. Lowber applied for the job but was not hired. She filed a charge with the Equal Employment Opportunity Commission ("EEOC") claiming gender discrimination based upon the City's hiring of a lesser-qualified-male applicant. She later filed this action in district court.

In January 2008, Ms. Lowber claimed for the first time that she had refused a sexual proposition by the City's mayor. At her deposition she testified that she met privately with the mayor in 2005 regarding the new animal-control position. She claimed that during that meeting he put his hands on top of hers, telling her, "Della, I can assure you you can get your job back." R., Doc. 25, Ex. 1 at 39. She interpreted this statement as suggesting that he would hire her in exchange for sexual favors. She drew her hands away and said, "[N]o, thank you, I will get it back on my own." *Id.* Ms. Lowber testified that she told no one about this exchange with the mayor until two weeks before her deposition.

The City moved for summary judgment, contending that Ms. Lowber could not show that the City's proffered reasons for not hiring her were a pretext for discrimination. The City also argued that she had failed to exhaust her

administrative remedies with respect to a sexual-harassment claim based upon her refusal of the mayor's alleged sexual proposition.[1] The district court granted the City's motion, holding that she failed to exhaust her administrative remedies because she did not include her allegation regarding the mayor's sexual misconduct in her EEOC charge. Ms. Lowber contends that the district court erred in holding that her gender-discrimination claim based upon the City's hiring of a lesser-qualified male was not administratively exhausted.

\* \* \*

"We review the district court's grant of summary judgment de novo." *Young v. Dillon Cos.*, 468 F.3d 1243, 1249 (10th Cir. 2006). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In conducting our analysis, we view all of the facts in the light most favorable to the non-movant and draw all reasonable inferences from the record in favor of the non-moving party." *Young*, 468 F.3d at 1249.

---

[1] Neither the district court nor Ms. Lowber explicitly refer to her allegation regarding the sexual proposition as supporting a claim for sexual harassment, but we note that "[q]*uid pro quo* harassment occurs when submission to sexual conduct is made a condition of concrete employment benefits." *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1413 (10th Cir. 1987).

In her EEOC charge, Ms. Lowber claimed that the City discriminated against her based on her gender by hiring a lesser-qualified male for the animal-control-officer position. She first raised a claim of quid pro quo sexual harassment during her deposition, which was taken in January 2008–two and a half years after the alleged proposition occurred. The City argued in its summary-judgment motion that Ms. Lowber's allegation regarding the sexual proposition was wholly unrelated to the claim she made in her EEOC charge and therefore she did not administratively exhaust any sexual-harassment claim with the EEOC before she filed her action. In its ruling on the motion, the district court attributed to Ms. Lowber the statement that "her refusal of defendant's sexual advances is the reason she was not hired," R., Doc. 34 at 1, and held that, because her EEOC charge failed to include that allegation, she had not exhausted her administrative remedies as to any sex-discrimination claim.[2]

On appeal, Ms. Lowber does not contend that she exhausted her administrative remedies with respect to a discrete claim of quid pro quo sexual

---

[2] In reaching its holding, the district court cited *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997), for the proposition that a judicial complaint "may encompass any discrimination like or reasonably related to the allegations of the [EEOC] charge." R., Doc. 34 at 3. We note that proposition, often called the "continuing violation" theory, was rejected by the Supreme Court with respect to discrete discriminatory acts in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *See Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003). Under *Martinez*, "a claimant must file a charge within the appropriate limitations period as to each such discrete act that occurred." *Id.* at 1211 (quotation and ellipses omitted).

harassment. But she asserts that the district court erred (1) in construing her claim to be based solely on her refusal of the alleged sexual advance, and (2) in failing to consider the gender-discrimination claim that she did set forth in her EEOC charge. We agree. Ms. Lowber never characterized her testimony regarding the alleged sexual proposition as supplanting her claim that the City discriminated against her by hiring a lesser-qualified male. She presented the latter claim in her EEOC charge and the district court erred in dismissing it as unexhausted along with her quid pro quo sexual-harassment claim.

The City argues that the district court's holding should be upheld because Ms. Lowber failed to act in good faith when she withheld her allegation of the sexual proposition from her EEOC charge. But the cases the City relies on are inapposite. In *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1307 (10th Cir. 2005), the EEOC dismissed the plaintiff's charge after he cancelled three interviews and failed to provide further information. We held that dismissal of his complaint for lack of jurisdiction was proper because he failed to cooperate with the EEOC in order to exhaust his administrative remedies. *Id.* at 1318; *see also Khader v. Aspin*, 1 F.3d 968, 970 (10th Cir. 1993) (presenting similar facts constituting failure to cooperate with the EEOC). Here there is no question that Ms. Lowber sufficiently cooperated with the EEOC with respect to her gender-discrimination claim based upon the hiring of a lesser-qualified male. As we stated in *Shikles*, "we expect that it will be rare for a charging party's

non-cooperation to be a basis for the defendant to challenge the court's jurisdiction." 426 F.3d at 1311-12. This is not that rare case.

The City urges this Court to affirm the district court's grant of summary judgment on an alternative ground, namely that Ms. Lowber failed to show material facts in dispute regarding whether the City's proffered reasons for hiring someone other than her were pretextual. Although the City raised this issue in its summary-judgment motion, the district court did not rule on it. Rather than examining and resolving the merits of the City's contentions, we remand to the district court to address them in the first instance. *See Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1310 (10th Cir. 2007).

* * *

The district court's grant of summary judgment in favor of the City of New Cordell is reversed and remanded.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

-6-