ORDER AND JUDGMENT*
DEANELL REECE TACHA, Senior Circuit Judge.
This is an appeal from the dismissal of a complaint alleging discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The district court dismissed the complaint for failure to exhaust administrative remedies. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.
I. DISCUSSION
The following facts are not in dispute and are taken from the district court’s order. The Indian Health Service (“IHS”), a federal agency within the Department of Health and Human Services (“HHS”), is responsible for providing health services to American Indians. The Gallup Indian Medical Center (“Center”) is a medical center funded by IHS. Plaintiff-appellant Richard Laughter, a Native American psychiatrist employed by the Center, sought counseling with IHS’s Equal Employment Office (“EEO”) on April 27, 2007 alleging discrimination on the basis of race (American Indian), national origin (Native American), religion (Native American Church) and reprisal on his own behalf and that of a class of similarly situated Center employees. After the counseling phase was completed, the EEO issued Dr. Laughter a Notice of Right to File a Formal Complaint. Dr. Laughter subsequently filed his formal complaint of discrimination on behalf of the purported class with the Equal Employment Opportunity Commission (“EEOC”) on August 8, 2007.
In accordance with the governing regulations, the EEOC referred the complaint to an administrative judge to determine whether class certification was appropriate. Before the judge could issue a decision on whether to certify the class, however, Dr. Laughter withdrew the class complaint and asked to appear on his own behalf instead. On July 22, 2008, the EEOC issued an order dismissing the complaint and directing HHS to process Dr. Laughter’s claim as an individual complaint pursuant to 29 C.F.R. § 1614.106(e) within thirty days. The EEOC also ordered HHS to issue an acknowledgment of receipt for all other purported class members and process their individual complaints within thirty days.
Pursuant to the EEOC’s instructions, HHS sent letters to each of the purported class members on September 15, 2008, advising them that they had thirty days to contact an EEO counselor to begin the process of filing their individual corn- *685 plaints. The following day, September 16, Dr. Laughter and seventeen other plaintiffs filed this discrimination suit in federal court. Nine of the other plaintiffs were named in the original class complaint but never filed individual complaints of discrimination with the EEOC after the class complaint was dismissed. Two plaintiffs were not included in the initial class complaint, but similarly failed to file individual complaints of discrimination with the agency. The six remaining plaintiffs have taken some steps to file an individual complaint — either before or after the class complaint was dismissed.
On the defendants’ motion, the district court dismissed the complaint for failure to exhaust administrative remedies. The court reasoned that Dr. Laughter filed suit in federal district court fewer than 180 days from the July 22, 2008 filing of his individual complaint with the EEOC. As to the remaining plaintiffs, the district court held that the class action had been dismissed' and that the current lawsuit in district court was premised only upon Dr. Laughter’s individual claim of discrimination, which precluded them from relying on the class complaint to demonstrate exhaustion. The court went on to conclude that none of the remaining plaintiffs had individually exhausted their administrative remedies such that they could sue in federal court. The plaintiffs now appeal.
II. DISCUSSION
A federal employee must first complete the following administrative process before bringing a discrimination lawsuit in federal court. First, the aggrieved person must consult an EEO counselor within forty-five days of the discriminatory incident and prior to filing a formal complaint with the employing agency. 29 C.F.R. § 1614.105(a)(1). The counselor will provide counseling and inform the individual of his rights and responsibilities. Id. § 1614.105(b)(1). If the matter is not resolved within thirty days, the EEO counselor must issue a notice informing the individual of his right to file a discrimination complaint with the employing agency. Id. § 1614.105(d). Once a complaint is filed, the agency has 180 days to investigate the allegations. Id. § 1614.106(e)(2). The agency may then dismiss the complaint, see id. §§ 1614.107 1614.109(b), offer to resolve the complaint, see id. § 1614.109(c), or issue a final decision on the merits of the complaint, see id. § 1614.110(b).
At this point, the individual has two options: He may choose to file a civil suit in federal district court, or he may appeal to the EEOC. If he chooses to sue, he must do so within ninety days of notice of the agency’s final decision. See id. § 1614.407(a). If the agency does not issue a final decision within 180 days of the administrative complaint, the individual may sue anytime after that date. See id. § 1614.407(b). On the other hand, if the individual chooses to appeal to the EEOC, he may not file a civil suit in federal court until the EEOC issues its final decision (in which case he has ninety days from notice of that decision to file suit) or unless 180 days have passed from the date he filed his appeal. See id. § 1614.407(c), (d).
The procedures are nearly identical for an individual who wishes to file a class discrimination complaint. See 29 C.F.R. § 1614.204. An individual may move for class certification at any reasonable point in the administrative process; if he has already completed the counseling process before moving for class certification, he need not go through additional counseling. Id. § 1614.204(b). When the agency receives a class complaint, it must forward the complaint directly to the EEOC, which will assign it to an administrative judge. *686 Id. § 1614.204(d)(1). The administrative judge will determine whether to accept or dismiss a class complaint. Id. § 1614.204(d). “A dismissal of a class complaint shall inform the [class] agent either that the complaint is being filed on that date as an individual complaint of discrimination and will be processed under subpart A [dealing with individual complaints] or that the complaint is also dismissed as an individual complaint in accordance with § 1614.107.” Id. § 1614.204(d)(7).
In this case, Dr. Laughter filed a class complaint with HHS on August 8, 2007 and withdrew it on June 3, 2008, specifically requesting that he be allowed to “appear on his own behalf and on the behalf of others pursuant to 29 C.F.R. § 1601.7.”[1] On July 22, 2008, HHS, in accordance with Dr. Laughter’s request, informed him that his class complaint was dismissed and that it was processing his charge as an individual complaint. Thus, HHS had 180 days from July 22, 2008 (or until approximately the end of January 2009) to investigate and take final action on Dr. Laughter’s individual complaint before he could sue in federal court regarding those claims. See id. § 1614.407(b). Instead of giving HHS the requisite time, to investigate, however, Dr. Laughter filed this lawsuit on September 16, 2008. Accordingly, the lawsuit is premature as Dr. Laughter has failed to exhaust administrative remedies.
Dr. Laughter argues that his federal lawsuit is based upon the original agency complaint filed as a class action on August 8, 2007. One hundred and eighty days from that date is February 2008, which would render Dr. Laughter’s federal complaint in September 2008 timely. Even if the federal complaint could be read to assert a class action that is based on Dr. Laughter’s original agency complaint, however, Dr. Laughter abandoned the original complaint with HHS when he moved to withdraw it on June 3, 2008. Abandoning a complaint of discrimination filed with an employing agency prior to the agency’s final action on the complaint constitutes a failure to exhaust. See Khader v. Aspin, 1 F.3d 968, 971 (10th Cir.1993). Thus, because he withdrew the original class complaint before the agency could act on it, Dr. Laughter was precluded from filing suit in federal court based on that complaint.
Relatedly, we also disagree with Dr. Laughter’s position that HHS’s dismissal of his class complaint (on his own motion) constitutes “final action” which then allowed him to file a federal lawsuit within ninety days under 29 C.F.R. § 1614.407(a). Such a rule would effectively permit a complainant to bypass the 180-day time-frame for agency investigations into discrimination charges by allowing him to voluntarily withdraw his agency complaint at any point and then immediately file suit in federal court.
Finally, because we conclude that Dr. Laughter has not exhausted administrative remedies as to his individual claim of discrimination, and because the other plaintiffs do not contest the district court’s determination that none of them have exhausted administrative remedies as to their individual claims of discrimination, the “single filing” or “piggybacking” rule has no bearing in this case. See Foster v. *687 Ruhrpumpen, Inc., 365 F.3d 1191, 1197 (10th Cir.2004) (“[I]n a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiffs individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement.... This exception to the individual filing requirement is known alternatively as the ‘single filing rule’ or ‘piggybacking.’”) (quotations and citations omitted).
III. CONCLUSION
For the foregoing reasons, we AFFIRM.

 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

. 29 C.F.R. § 1601.7 provides that "[a] charge that any person has engaged in or is engaging in an unlawful employment practice within the meaning of title VII, the ADA, or GINA may be made by or on behalf of any person claiming to be aggrieved.” This procedure for filing a charge on behalf of any aggrieved person is entirely separate and distinct from the procedure for bringing a class complaint, which is set forth at 29 C.F.R. § 1614.204.