**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HUNG THAI PHAM,

     Plaintiff - Appellant,

v.

DEBORAH LEE JAMES, Secretary
Department of Air Force,

     Defendant - Appellee.

No. 14-6232
(D.C. No. 5:13-CV-00743-L)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **McHUGH**, Circuit Judges.
_____

    Hung Thai Pham appeals the district court's order dismissing his Title VII case

for lack of subject-matter jurisdiction for failure to exhaust his administrative

remedies. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm, although for

different reasons than those relied on by the district court.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Background

The relevant facts are undisputed.  Mr. Pham is employed as a civilian electrical engineer at Tinker Air Force Base in Midwest City, Oklahoma.  He filed numerous complaints with the EEOC claiming that he was the victim of workplace harassment based on his disability and in retaliation for prior EEO activity.  An EEOC administrative judge (AJ) informed Mr. Pham repeatedly that his complaints were not actionable because he failed to state a claim on his allegation that his interim appraisal contained false and misleading statements and he was not subjected to discrimination.  The AJ warned him that if he continued to file similar claims, an abuse-of-process dismissal may be warranted.

Notwithstanding this warning, Mr. Pham filed two additional similar EEO complaints.  Consequently, the AJ issued an order to show cause why the cases should not be dismissed for abuse of process.  The order gave the parties fifteen days to submit an objection or response.  The Air Force Review Board (Board) responded, supporting the dismissal of Mr. Pham's cases.  Neither Mr. Pham nor his attorney filed a response to the show-cause order.  The AJ dismissed Mr. Pham's EEO cases for failing to respond to the show-cause order and for abuse of process.  The Board then issued a final order of dismissal stating that it would fully implement the AJ's decision.  The Board's order included a notice of Right to File Civil Action, indicating that "the complainant *may be* authorized under Title VII, ADEA, or the Rehabilitation Act to file such action."  Aplt. App. at 53 (emphasis added).

2

Mr. Pham filed suit in federal court under Title VII claiming "unlawful harassment (non-sexual) and retaliation for Plaintiff's prior EEO activity and disability discrimination." Aplt. App. at 3. In her answer to the complaint, the Secretary of the Air Force (Secretary) included the affirmative defense that the court lacked subject-matter jurisdiction over claims for which Mr. Pham did not exhaust administrative remedies. The Secretary then moved for dismissal under Fed. R. Civ. P. 12(b)(1), asserting, among other things, that the district court lacked subject-matter jurisdiction because Mr. Pham failed to cooperate in good faith with the EEOC and essentially abandoned his claims, thus failing to exhaust administrative remedies. Mr. Pham opposed the motion.

The district court granted the motion to dismiss, holding that Mr. Pham had failed to meet his burden to establish federal subject-matter jurisdiction because he did not establish that he had exhausted administrative remedies. The court relied on Tenth Circuit law requiring an employee to cooperate with the EEOC. *See* Aplt. App. at 62 (citing *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993)). Therefore, the court held that subject-matter jurisdiction was lacking. *Id.* at 64 (citing *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005)). Mr. Pham filed a motion for new trial under Fed. R. Civ. P. 59, which the district court construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). The court denied the motion.

Mr. Pham appeals, arguing that the Board's notice that he "may be" authorized to file a civil action conferred federal subject-matter jurisdiction. He further argues

3

that he exhausted administrative remedies by "respond[ing] affirmatively to the [Board's] offer to mediate," even though the Board "never set up mediation," Aplt. Opening Br. at 7, and he filed various documents in the administrative proceedings.[1] He does not claim that he responded to the show-cause order.[2] Finally, he claims the district court erred in denying his Rule 59 motion.

## II. Analysis

"We review a Rule 12(b)(1) dismissal de novo." *McKenzie v. U.S. Citizenship & Immigration Servs.*, 761 F.3d 1149, 1154 (10th Cir. 2014). In an opinion issued after the district court's order dismissing for lack of jurisdiction, this court reexamined the issue of whether exhaustion of administrative remedies is jurisdictional. *See Gad v. Kan. State Univ.*, 787 F.3d 1032 (10th Cir. 2015). There, we held that the requirement for a Title VII plaintiff to sign and verify a formal charge document for the EEOC "is non-jurisdictional and does not divest the federal courts of subject-matter jurisdiction." *Id.* at 1034. *Gad* acknowledged circuit precedent holding that "the exhaustion of administrative remedies is 'a jurisdictional

---

[1] Mr. Pham also argues that his claims properly fall under Title VII, rather than the Rehabilitation Act, and that summary judgments are disfavored. We need not address these arguments because they are irrelevant to the dispositive issue of exhaustion, and because the district court did not enter summary judgment.

[2] In his reply brief, Mr. Pham argues, apparently for the first time, that he never received the show-cause order. *See* Aplt. Reply Br. at 2. The show-cause order was mailed to both Mr. Pham and his attorney. He does not claim his attorney did not receive it. We will not address this claim raised for the first time on appeal. *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

prerequisite to suit under Title VII.'" *Id.* at 1039 (quoting *Shikles*, 426 F.3d at 1317)). *Gad* further noted circuit precedent holding "that failure to cooperate was a jurisdictional bar simply because it is an exhaustion requirement," and stated that this logic "is at odds with the Supreme Court's instructions in subsequent cases and cannot be squared with current law." *Id.* But even if exhaustion is not jurisdictional, this Title VII requirement is vital. *See, e.g., Shikles*, 426 F.3d at 1317 ("It is well-established that Title VII requires a plaintiff to exhaust his or her administrative remedies before filing suit."). "Exhaustion still serves the important purposes of protecting employers by giving them notice of the discrimination claims being brought against them and providing the EEOC with an opportunity to conciliate the claims." *Gad*, 787 F.3d at 1040 (brackets, ellipsis and internal quotation marks omitted).

We need not decide whether the failure to cooperate in good faith with the EEOC results in a lack of jurisdiction, however, because the Secretary has not waived or forfeited the issue. *See McQueen v. Colo. Springs Sch. Dist. No. 11*, 488 F.3d 868, 873 (10th Cir. 2007) (declining to decide whether exhaustion is jurisdictional because defendant did not waive or forfeit claim that plaintiffs failed to exhaust administrative remedies). Whether the exhaustion requirement is characterized as jurisdictional is important "only when the defendant has waived or forfeited the issue: If exhaustion is a jurisdictional requirement, the district court *must* always dismiss if there has been a failure to exhaust. If exhaustion is not jurisdictional, the court must dismiss only if the issue has been properly presented for decision." *Id.*

5

Mr. Pham does not refute the Secretary's claim that he did not respond to the show-cause order, nor does he challenge her argument that a failure to respond to a show-cause order constitutes a failure to exhaust administrative remedies. Therefore, even if the exhaustion requirement is deemed to be a condition precedent to suit, *see Gad*, 787 F.3d at 1041 ("In this context, a condition precedent is a duty Title VII imposes that serves as a necessary precondition to filing a lawsuit." (brackets and internal quotation marks omitted)), we conclude that by indisputably failing to exhaust, Mr. Pham has failed to satisfy this condition. Therefore, we affirm the dismissal order. *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1178 n.4 (10th Cir. 2007) (affirming dismissal on a rationale different from the district court's, noting that appellate court may affirm "on any ground that finds support in the record" (internal quotation marks omitted)).

Mr. Pham complains that the district court did not hold a hearing on the motion to dismiss and states that he was therefore denied an opportunity to present his evidence of exhaustion. But he filed an objection to the Secretary's motion to dismiss in which he presented his claims and arguments, and he has not identified any additional relevant evidence. Therefore, we find no error in the district court's decision to grant the motion without holding an evidentiary hearing because it is clear that the motion could be resolved on the record. *See Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005) ("[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record.").

Because we have concluded that we need not address jurisdiction, we do not consider Mr. Pham's argument that the Board's notice that he may have the right to file a civil action conferred jurisdiction on the federal court.

Mr. Pham also appeals the district court's order denying his Rule 59 motion, which he styled as a motion for new trial. We agree with the district court that the motion should be characterized as a motion to alter or amend the judgment under Rule 59(e). "We review the denial of a Rule 59(e) motion to alter or amend a judgment for abuse of discretion. A district court abuses its discretion if it made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Monge v. RG Petro-Machinery (Group) Co.*, 701 F.3d 598, 610-11 (10th Cir. 2012) (citation and internal quotation marks omitted). A Rule 59(e) motion is used "to correct manifest errors of law or to present newly discovered evidence. Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* at 611 (citations and internal quotation marks omitted).

Mr. Pham argues that he exercised diligence in processing his EEO claims and that denying relief will be a miscarriage of justice because he is foreclosed from seeking relief for his alleged damages. These general, conclusory arguments do not meet the criteria to alter or amend a judgment. Accordingly, we find no abuse of discretion in the district court's denial of Rule 59(e) relief.

7

## III. Conclusion

We affirm the district court's judgment of dismissal.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge